Compiler

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,                )
                                   )     **CRIMINAL CASE NO. CM0783-11**
          vs.                      )
                                   )     **DECISION AND ORDER**
JEFFERSON BRELL,                   )
                                   )
          Defendant.               )
                                   )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's second motion to reconsider, filed October 15, 2012. Oral arguments were heard on May 13, 2013. Assistant Attorney General Charles J. Kinnunen appeared on behalf of the Government and Assistant Public Defender Suresh Sampath represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with driving under the influence of alcohol and reckless driving based upon the following alleged events. On July 15, 2011 at 2:20 a.m., Guam Police Officer G.C. Ogo conducted a pullover traffic stop of Defendant's vehicle after he observed it speed and straddle traffic lanes. (Testimony of G.C. Ogo, Record Log at 10:15, May 13, 2013.) After observing indicators of Defendant's intoxication, Officer Ogo arrested Defendant at 2:30 a.m. *Id.*

On March 12, 2012, the Court received Defendant's motion to suppress all evidence obtained from the investigative detention because it lasted longer than fifteen (15) minutes in violation of 8 GCA § 30.30. Defendant asserted that his initial detention was an unreasonable seizure and that all evidence obtained during or as a result of the seizure must be suppressed. The Court denied suppression on the grounds that probable cause to arrest appeared before fifteen minutes of detention elapsed. (Decision and Order, Jun. 1, 2012.) On June 12, 2012, Defendant filed a motion to reconsider because disputed facts were considered as undisputed.

On reconsideration, the Court denied suppression because the disputed facts did not change its probable cause analysis. (Decision and Order, Oct. 2, 2012.) The matter was thereafter reassigned to Judge James L. Canto II.

On October 15, 2012, Defendant filed a second motion to reconsider on the basis that material facts remain in dispute. The Government agreed that an evidentiary hearing is necessary pursuant to *People v. Santos*, 1999 Guam 1 ¶¶ 16-25 and further argued that the Court's prior probable cause analysis must be applied pursuant to the law of the case doctrine.

## DISCUSSION

Under Guam law, a traffic stop or other investigative detention may, "in no event [last] longer than fifteen (15) minutes," before a person is either arrested or released. 8 GCA §§ 30.10-30.40. In this case, Defendant was detained at 2:20 a.m. and arrested ten (10) minutes later at 2:30 a.m. The detention did not last longer than fifteen (15) minutes in violation of 8 GCA § 30.30 and Defendant's motion to suppress shall be denied.

## CONCLUSION

Based upon the foregoing, Defendant's motion to suppress is hereby DENIED.

**SO ORDERED** this _21ST_ day of June, 2013.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 2 1 2013

James R. Borja
Deputy Clerk, Superior Court of Guam